IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 12-cv-01587-CMA-MJW

KATIE BROWN,

    Plaintiff,

v.

JAMI FRYER,
ROBERT FRYER,
CINCINNATI INSURANCE COMPANY, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER OF REMAND

    This matter is before the Court on Defendant American Family Mutual Insurance Company's ("American Family") Objection to Removal.  (Doc. # 10.)  The Court agrees with American Family that the Notice of Removal filed by Defendant Cincinnati Insurance Company is procedurally defective.  As such, the Court REMANDS this case to the District Court, City & County of Denver, Colorado for further proceedings.

    Plaintiff filed a Complaint in Colorado State court on May 11, 2012.  (Doc. # 1-1.)  On June 19, 2012, Defendants Cincinnati Insurance Company ("Cincinnati") removed the case to this Court pursuant to a Notice of Removal.  (Doc. # 1.)  Defendant Cincinnati removed the case to this Court pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction.

    A defendant may remove any civil action brought in state court if a federal court has original jurisdiction over the claim.  28 U.S.C. § 1441(a).  The Court must remand

"if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c). The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Moreover, there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The statute governing the procedures for removal provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Farmland Nat'l Beef Packing Co., L.P.*, 98 F. App'x 752, 756 (10th Cir. 2004) ("all of the defendants must consent to removal.") If this requirement is not met, the notice of removal is procedurally defective. *See Swanson v. U.S. Bank, NA*, No. 10cv01258, 2011 WL 1585134, at *1 (D. Utah Apr. 26, 2011). In this case, American Family has not consented to removal. (Doc. # 10.) Thus, Defendant Cincinnati's Notice of Removal is procedurally defective and the Court lacks subject matter jurisdiction over this case.

Accordingly, this action is REMANDED to the District Court, City & County of Denver, Colorado, for further proceedings.

DATED: June __27__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge